## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 22-20006 (JJT) |
| | ) | | |
| SANDRA VOGEL CALDRELLO, | ) | | |
| DEBTOR. | ) | CHAPTER | 13 |
| | ) | | |
| SANDRA VOGEL CALDRELLO, | ) | | |
| PLAINTIFF, | ) | Adv. Pro. Case No. | 22-02007 (JJT) |
| | ) | | |
| v. | ) | | |
| | ) | RE: ECF NO. | 11 |
| WELLS FARGO BANK, N.A., | ) | | |
| DEFENDANT. | ) | | |
| | ) | | |

## MEMORANDUM OF DECISION AND
## RULING ON DEFENDANT'S MOTION TO DISMISS

### I.    INTRODUCTION

Before the Court is Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss the

Complaint. Mot. to Dismiss, ECF No. 11 (the "Motion"). Sandra Vogel Caldrello ("Caldrello") is

the *pro se* Debtor in the underlying Chapter 13 bankruptcy case and the *pro se* Plaintiff in this

Adversary Proceeding. Caldrello's Complaint is yet another chapter in an unrelenting, abusive,

and frivolous crusade, which has called on resources from multiple courts, to overturn final state

court judgments of foreclosure that were fully litigated and rendered against her.

Caldrello's claims in this case mirror those she advanced in Wells Fargo's 2012 action to

foreclose on Caldrello's home, in which the Connecticut Superior Court ("Superior Court")

granted summary judgment in favor of Wells Fargo and issued a judgment of strict foreclosure

(the "Foreclosure Judgment"). *Wells Fargo Bank, N.A. v. Caldrello*, No. KNL-CV12-6014902-S,

2016 WL 401645 (Conn. Super. Ct. Jan. 5, 2016) (the "Foreclosure Action").[1] On appeal, the Connecticut Appellate Court issued a thorough and comprehensive decision denying Caldrello's request to overturn the Foreclosure Judgment on various grounds. *Wells Fargo Bank, N.A. v. Caldrello*, 192 Conn. App. 1 (2019). Caldrello moved for reconsideration *en banc*, but the Appellate Court denied her request.[2] Caldrello then petitioned the Connecticut Supreme Court for review, but it denied certiorari. *Wells Fargo Bank, N.A. v. Caldrello*, 334 Conn. 905 (2019).

Wells Fargo has advanced pointed arguments supporting dismissal of Caldrello's Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Wells Fargo asserts that the *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction because Caldrello has previously litigated the claims alleged in her Complaint over the last ten years, first in the Superior Court and then in the Connecticut Appellate and Supreme Courts, such that this Court cannot sit in review of those state court judgments. In the same vein, Wells Fargo argues that Caldrello is collaterally estopped from pursuing issues already decided in the Foreclosure Action because those issues were fully litigated and were essential to the final judgment on the merits rendered in the Foreclosure Action and subsequent appeals. Finally, Wells Fargo argues that all seven counts of the Complaint fail to state a claim upon which relief may be granted because they either state unrecognized causes of action, fail to include plausible factual allegations under the *Iqbal/Twombly* or Fed. R. Civ. P. 9(b) standards, or are time-barred based on the allegations

---

[1] Caldrello filed myriad motions for reconsideration in response to the Superior Court's denial of her motions for summary judgment. *See* Foreclosure Action, Docket No. KNL-CV12-6014902-S, Docket Entry Nos. 222, 247, 299, 315, 334, 349, and 417.

[2] The Connecticut Appellate Court's denial of *en banc* review appears on the docket for Caldrello's appeal in an order dated October 24, 2019. *See Wells Fargo Bank, N.A. v. Caldrello*, Docket No. AC 192469.

on the face of the Complaint. In sum, Wells Fargo's Motion is a persuasive and well-defined assault on Caldrello's entire Complaint.

Caldrello has nonetheless vigorously defended her Complaint in response to the Motion by ostensibly amending her claims and seeking, yet again, to relitigate issues from the Foreclosure Action. *See* Pl.'s Amend. Claims in Resp. to Def.'s Mot. to Dismiss, ECF No 22; Pl.'s Addendum, ECF No. 23; Pl.'s Resp. to Email from Wells Fargo, ECF No. 25 (collectively, the "Response"). Although not labeled as an "opposition" or "objection" to the Motion, the Court will construe Caldrello's Response as a request to deny Wells Fargo's Motion. What is clear from Caldrello's filings is that she feels she is the victim of serious errors by the Superior Court in the Foreclosure Action and feels this Court has a responsibility to redress her purported injuries. But she goes even further, claiming in effect that the entire legal system is rigged against her. As a consequence of her unrelenting litigation and refusal to make monthly payments, her principal mortgage debt of $481,529.48 owed to Wells Fargo has ballooned to at least $788,570.71.[3]

This Court has committed substantial time and effort in patiently providing Caldrello with an appropriate explanation of the law, and an opportunity to be heard and present testimony to advance her arguments. The Court previously held a hearing on Caldrello's Objection to Wells Fargo's Proof of Claim filed in her Chapter 13 bankruptcy case on April 6, 2022, in which she advanced the very same arguments as those voiced in response to Wells Fargo's Motion in this case. After hearing extensive argument and testimony, the Court issued a dispositive ruling

---

[3] Attached to Wells Fargo's Proof of Claim No. 3, filed in Caldrello's Chapter 13 bankruptcy proceeding, is an itemized summary containing Caldrello's loan payment history from the first date of default in December 2011 through January 6, 2022, the date of her Chapter 13 bankruptcy petition. *See* Claim No. 3, recorded in the Claims Register in Sandra Caldrello's Chapter 13 bankruptcy case, Case No. 22-20006. The loan payment history does not reflect a single payment made by Caldrello over that ten year period.

concluding that Caldrello's Objection was an inappropriate attack on the presumptive validity of Wells Fargo's Proof of Claim, the validity of which was further validated by final judgments in the state court. Ruling on Debtor's Mot. to Strike Proof of Claim, BR-ECF No. 68 (the "Prior Ruling").[4]

On April 28, 2022, the Court held a hearing on Wells Fargo's Motion and cautioned Caldrello that her response to the Motion must be well-founded and based on relevant issues of fact and law. Further, the Court urged Caldrello to seek legal counsel after reiterating that it was patently obvious that this Adversary Proceeding seeks to relitigate issues that had been argued and disposed of several times before. After a thorough review of the parties' filings, the Superior Court foreclosure docket, the decision from the Connecticut Appellate Court affirming the grant of summary judgment in Wells Fargo's favor, Caldrello's Chapter 13 bankruptcy docket, and the record in this case, the Court finds that Wells Fargo's Motion completely and undeniably forecloses any of the requested relief in Caldrello's Complaint. Accordingly, Wells Fargo's Motion to Dismiss is hereby GRANTED and Caldrello's Complaint is hereby DISMISSED.

## II.  BACKGROUND[5]

On February 9, 2007, Caldrello executed a mortgage on property known as 939 Pequot Avenue, New London, Connecticut (the "Property") in favor of World Savings Bank, FSB

---

[4] The "BR-ECF" designation refers to the fact that this Court's decision on Caldrello's Objection was docketed in her Chapter 13 bankruptcy proceeding, Case No. 22-20006, which is a separate docket from the instant Adversary Proceeding. Any citations in this decision that begin with a "BR-ECF" designation refer to Caldrello's Chapter 13 bankruptcy proceeding.

[5] The Court takes judicial notice of the docket and decisions rendered in the following state court proceedings: Caldrello's Foreclosure Action, *Wells Fargo Bank, N.A. v. Caldrello*, No. KNL-CV12-6014902-S, 2016 WL 401645, at *1 (Conn. Super. Ct. Jan. 5, 2016); the decision on appeal from the Connecticut Appellate Court, *Wells Fargo Bank, N.A. v. Caldrello*, 192 Conn. App. 1 (2019); and the denial of certiorari from the Connecticut Supreme Court, *Wells Fargo Bank, N.A. v. Caldrello*, 334 Conn. 905 (2019). The Court also takes judicial notice of its own docket in Caldrello's Chapter 13 bankruptcy proceeding, Case No. 22-20006. In conveying the background of this case, the Court draws from Caldrello's Complaint, the Court's prior decision on Caldrello's Objection to Wells Fargo's Proof of Claim, as well as certain facts and procedural events from the state court proceedings and Caldrello's ongoing Chapter 13 bankruptcy proceeding.

("WSB"). Compl., ¶¶ 3, 5, ECF No. 1.  The Mortgage secured a promissory note executed by Caldrello and made payable to WSB. *Wells Fargo Bank, N.A. v. Caldrello*, 192 Conn. App. 1 (2019). On August 31, 2012, after Caldrello had defaulted on the loan, Wells Fargo commenced the Foreclosure Action in Connecticut Superior Court. *See* Compl. ¶ 5. Caldrello moved to dismiss the Foreclosure Action, filed two motions for summary judgment, and filed counterclaims. The Superior Court denied each of these motions and struck her counterclaims. *See Caldrello*, 192 Conn. App. at *6.

On June 15, 2016, Wells Fargo moved for summary judgment in the Foreclosure Action. Compl. ¶ 5. Caldrello objected and Wells Fargo filed a reply. On December 2, 2016, the Superior Court granted summary judgment in favor of Wells Fargo as to liability only. *Id*. After multiple delays, including two requests for judicial recusal, the Superior Court held an evidentiary hearing and entered the Foreclosure Judgment in favor of Wells Fargo on September 11, 2017. *Id*. ¶ 18.

On August 20, 2019, after Caldrello filed an appeal, the Connecticut Appellate Court resoundingly affirmed the Superior Court's judgment in favor of Wells Fargo. *See Caldrello*, 192 Conn. App. at *35. Caldrello moved for reconsideration *en banc,* but the Appellate Court denied her request.[6] Caldrello then filed a petition for certiorari to the Connecticut Supreme Court, but that request was denied as well on December 5, 2019. *Wells Fargo Bank, N.A. v. Caldrello*, 334 Conn. 905 (2019) (*en banc* review denied January 2, 2020). Upon remand to the Superior Court, after a series of continuances related to the COVID-19 pandemic, the Superior Court reset the foreclosure law day to January 11, 2022.

On January 6, 2022, Caldrello filed a voluntary petition for relief in this Court under Chapter 13 of the Bankruptcy Code. Petition, BR-ECF No. 1. She subsequently filed this

---

[6] The Connecticut Appellate Court's denial of *en banc* review appears on the docket for Caldrello's appeal in an order dated October 24, 2019. *See Wells Fargo Bank, N.A. v. Caldrello*, Docket No. AC 192469.

Adversary Proceeding on January 27, 2022, asserting seven counts against Wells Fargo, which included fraud in factum, fraud in the making of the note, disgorgement, unjust enrichment, fraudulent concealment and failure to disclose, statute of limitations, and deception. Wells Fargo has moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The Court held a pretrial conference on April 28, 2022 to address the Motion in light of this Court's Prior Ruling that overruled Caldrello's Objection to Wells Fargo's Proof of Claim, which addressed many of the same issues raised in the Motion. Following the hearing, the Court issued an order permitting Caldrello to respond to the Motion so long as her arguments were based on relevant facts and law. Order, ECF No. 18. To the extent Caldrello based her responsive papers on repetitive or frivolous claims, defenses, or contentions, the Court reserved the right to order the Debtor to show cause at a subsequent hearing as to why she should not be subject to sanctions under Fed. R. Civ. P. 11(c)(2) or the Court's inherent authority. The Debtor was further advised to consult legal counsel as to the advisability of her redundant positions in the Adversary Proceeding.

Despite the Court's warning, Caldrello responded to the Motion with multiple filings that ostensibly seek to amend her claims and seek to relitigate issues already decided in the state court proceedings and in this Court's Prior Ruling. In its Reply, Wells Fargo attacked the validity of Caldrello's amended claims and requested that the Court conduct a show cause hearing to consider imposing sanctions on Caldrello for failing to address the substantive arguments made by Wells Fargo in violation of the Court's Order. Def.'s Reply, ECF No. 24.

## III.   DISCUSSION

### A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(1) is made applicable to adversary proceedings through Fed. R. Bankr. P. 7012(b). "Determining the existence of subject matter jurisdiction is a

threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under

Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."

*Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247

(2010); *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000); *Anderson v. Derby Bd. of Educ.*,

718 F. Supp. 2d 258, 264 (D. Conn. 2010); *In re Salvatore*, 586 B.R. 371, 374 (Bankr. D. Conn.

2018). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule

12(b)(1) a district court may consider evidence outside the pleadings." *Morrison*, 547 F.3d at

170.  "[T]he court must take all facts alleged in the complaint as true and draw all reasonable

inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is

not made by drawing from the pleadings inferences favorable to the party asserting it." *Id.*

(alteration in original) (internal citations and quotation marks omitted). The plaintiff, as the party

asserting subject matter jurisdiction, has the burden of proving by a preponderance of the

evidence that it exists. *Id.*

     "The pleadings and allegations of a pro se plaintiff must be construed liberally for the

purposes of deciding motions pursuant to Rules 12(b)(1) and 12(b)(6)." *Zapotocky v. CIT Bank,*

*N.A.*, 587 B.R. 589, 592–93 (S.D.N.Y. 2018) (citing *McKithen v. Brown*, 481 F.3d 89, 96 (2d.

Cir. 2007); *Weixel v. Bd. of Educ.*, 287 F.3d 138, 145–46 (2d Cir. 2002)). "The submissions of a

pro se litigant should be interpreted to 'raise the strongest arguments that they suggest.'" *Id.*

(quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

     When presented with a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6), the

court should consider the Rule 12(b)(1) argument first because, if the court finds that it lacks

subject matter jurisdiction, it cannot exercise jurisdiction over the merits of the claims to

determine a motion brought under Rule 12(b)(6). *Rhulen Agency, Inc. v. Alabama Ins. Guar.*

*Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990); *Zapotocky v. CIT Bank, N.A.*, 587 B.R. 589, 592

(S.D.N.Y. 2018); *Allegrino v. Sachetti*, No. 3:14-CV-01865 (VAB), 2015 WL 3948986, at *3

(D. Conn. June 29, 2015); *Patriots Way, LLC v. Marconi*, No. 3:06-CV-1302 (PCD), 2007 WL

988712, at *2 (D. Conn. Mar. 30, 2007).

 In relation to its Rule 12(b)(1) argument, Wells Fargo raises issues under the *Rooker-*

*Feldman* doctrine and the doctrine of collateral estoppel. The Court will first address whether it

has subject matter jurisdiction under the *Rooker-Feldman* doctrine. For the reasons explained

below, the Court does not reach Wells Fargo's 12(b)(6) argument.

  **B. *Rooker-Feldman* Doctrine**

 The *Rooker-Feldman* doctrine "jurisdictionally bars federal courts from hearing 'cases

that function as de facto appeals of state court judgments.'" *In re Kurimsky*, 2021 WL 4269817,

at *5 (Bankr. D. Conn. 2021) (quoting *In re Caires*, 624 B.R. 322, 328 (D. Conn. 2021)); *see*

*also Gallaher v. US Bank Nat'l Ass'n*, 2016 WL 1118239, at *5 (D. Conn. 2016) (citing *Rooker*

*v. Fidelity Trust Co.*, 263 U.S. 413, 414–15 (1923); *District of Columbia Court of Appeals v.*

*Feldman*, 460 U.S. 462 (1983)). Underlying this doctrine is the core principle that only the

Supreme Court can consider a claim to modify or reverse a state court judgment. *Rooker v.*

*Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Phifer v. City of New York*, 289 F.3d 49, 55 (2d

Cir. 2002); *see also Friends of Lake View Sch. Dist. Incorporation No. 25 of Phillips Cnty. v.*

*Beebe*, 578 F.3d 753, 758 (8th Cir. 2009).

 "*Rooker-Feldman* directs federal courts to abstain from considering claims when four

requirements are met: (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries

caused by the state court judgment, (3) the plaintiff invites [federal] court review of that

judgment, and (4) the state court judgment was entered before the plaintiff's federal suit

commenced." *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010) (quoting *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)). "Even where a plaintiff alleges that a state court judgment was procured by fraud, *Rooker-Feldman* will divest the federal court of jurisdiction." *Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 514 (D. Conn. 2015), *aff'd sub nom. Gonzalez v. Deutsche Bank Nat. Tr. Co.*, 632 F. App'x 32 (2d Cir. 2016).

Courts in the Second Circuit commonly find that direct challenges to foreclosure judgments rendered in state courts are barred under *Rooker-Feldman* for lack of subject matter jurisdiction. *See, e.g., Sung Cho v. City of New York*, 910 F.3d 639, 645 (2d Cir. 2018) ("[W]e have applied the *Rooker-Feldman* doctrine with some frequency to cases involving suits . . . in which error by state-court judges in state-court proceedings is asserted, frequently in the foreclosure process."); *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (affirming district court's dismissal of plaintiff's claims under *Rooker-Feldman* where plaintiff sought review and rejection of fraudulently obtained foreclosure judgment by district court); *Zapotocky v. CIT Bank, N.A.*, 587 B.R. 589, 596 (S.D.N.Y. 2018) (dismissing plaintiff's claims under *Rooker-Feldman* where plaintiff lost in Superior Court and asked federal court to reject a foreclosure judgment); *Tanasi v. CitiMortgage, Inc.*, 257 F. Supp. 3d 232, 250 (D. Conn. 2017) (collecting cases); *Gonzalez*, 74 F.Supp.3d at 514 (dismissing plaintiffs' claims under *Rooker-Feldman* after plaintiffs lost in state court twice before asking federal court to review and reject a foreclosure judgment).

The *Rooker-Feldman* doctrine clearly deprives the Court of subject matter jurisdiction over Caldrello's Adversary Proceeding. There is no doubt that Caldrello plainly lost in the Connecticut Superior Court, Appellate Court, and Supreme Court. There is also no dispute that Caldrello complains of injury stemming from the Foreclosure Judgment, which puts her home at

risk of being sold at a foreclosure auction. Finally, Caldrello's Complaint plainly asks this Court

to review and reject the Foreclosure Judgment and the Superior Court's grant of summary

judgment to Wells Fargo, both of which were rendered prior to the commencement of this action.

*See* Prior Ruling at 6–7. Based on these findings, Caldrello cannot meet her burden of proving

that this Court has subject matter jurisdiction over her claims.

Caldrello also contends that the grant of summary judgment to Wells Fargo and the

Foreclosure Judgment were obtained by fraud. She argues that Wells Fargo fraudulently

concealed an endorsement on the note in the Foreclosure Action and that the Superior Court

assisted Wells Fargo with this concealment and deprived her of due process by denying her

requests to call witnesses at the summary judgment hearing. Compl. ¶¶ 9, 13–14, 17–18. In her

Response, Caldrello changes course slightly, clarifying that she did not mean to argue judicial

error but instead meant to argue that Wells Fargo submitted false pleadings and the Superior

Court believed Wells Fargo. Response at 2 (ECF No. 22). This argument, however, does not

provide the Court with new grounds to exercise subject matter jurisdiction. "Even where a

plaintiff alleges that a state court judgment was procured by fraud, *Rooker-Feldman* will divest

the federal court of jurisdiction." *Gonzalez v. Ocwen Home Loan Servicing*, 74 F.Supp.3d 504,

513 (D. Conn. 2015); *see also Zapotocky v. CIT Bank, N.A.*, 587 B.R. 589, 596 (S.D.N.Y. 2018)

("Even if the state court judgment was wrongly procured, it is effective and conclusive until it is

modified or reversed in the appropriate State appellate or collateral proceeding."). Both the

Connecticut Appellate and Supreme Court conclusively denied requests to reverse the

Foreclosure Judgment, even after the Appellate Court considered Caldrello's allegations of fraud

at length. *See, e.g., Caldrello*, 192 Conn. App. at *12.

Caldrello relies on *Lundstrom v. Young*, 857 F. App'x 952, 955 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 1363 (2022) for the proposition that legal error by the Superior Court precludes the *Rooker-Feldman* doctrine from depriving this Court of subject matter jurisdiction over her claims. Caldrello's reliance on this case is mistaken. In *Lundstrom*, the Ninth Circuit found that the district court improperly dismissed the plaintiff's claims for breach of various fiduciary duties under ERISA and state law under the *Rooker-Feldman* doctrine because those claims did not seek relief from a Texas state court judgment or assert that the plaintiff was injured by the state court's error. *Id.* at 955. In other words, the plaintiff's claims were independent from those attached to the state court judgment. That is not the case here. Each of Caldrello's claims in this case, regardless of the label applied to them, arise from the same set of operative facts giving rise to the Foreclosure Judgment, which Caldrello plainly asks this Court to overturn. Accordingly, the *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction over all Caldrello's claims.

Because subject matter jurisdiction is clearly lacking, this Court need not address Wells Fargo's Rule 12(b)(6) arguments because to do so would be an exercise of jurisdiction that this Court does not have. *See Rhulen Agency*, 896 F.2d at 678 (2d Cir. 1990). The Court will address Wells Fargo's preclusion argument, however, because Caldrello's attempt to amend and supplement her claims raises additional issues for the Court to consider.

## C.  Claim and Issue Preclusion

"Res judicata and collateral estoppel are related but distinct doctrines that may bar a party from litigating certain claims or issues in a subsequent proceeding. Both are affirmative defenses." *Flaherty v. Lang*, 199 F.3d 607, 612 (2d Cir. 1999). "Under the doctrine of res judicata, or claim preclusion, 'a final judgment on the merits of an action precludes the parties or

11

their privies from relitigating issues that were or could have been raised in that action.'" *Id.* (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998)). "In contrast, collateral estoppel, or issue preclusion, 'means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated by the same parties in a future lawsuit.'" *Id.* (quoting *Schiro v. Farley*, 510 U.S. 222, 232 (1994)). "Collateral estoppel applies when (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Id.* (internal quotation marks omitted). "Unlike res judicata, collateral estoppel does not bar a litigant from subsequently pursuing issues that were not raised in the first proceeding, but could have been." *Id.* (internal quotation marks omitted).

As the Second Circuit has recognized, "the obvious starting point in a preclusion analysis is a determination of the issues that were litigated in the first action." *Id.* In the Foreclosure Action (the first action), Caldrello challenged Wells Fargo's standing to foreclose the mortgage, arguing Wells Fargo did not own the note because it lacked a proper endorsement, and challenged Wells Fargo's ownership of the note based on the sale and transfer history of the note in connection with various mergers of Wells Fargo's corporate predecessors. For the next nine years, in both the state and federal court system, Caldrello would continue her attempts, undeterred, to relitigate these issues *ad nauseum*, claiming both Wells Fargo and certain judges committed serious error and fraud along the way. On appeal from the Foreclosure Action, the state Appellate Court painstakingly reviewed each issue raised by Caldrello and definitively determined, without question, that her myriad claims and defenses had no merit. *See Caldrello*,

192 Conn. App. at 1. The Appellate Court denied her *en banc* review,[7] and the state Supreme Court denied certiorari, *Caldrello*, 334 Conn. at 905.

Refusing to accept her defeat, Caldrello then migrated to the federal system and attempted to use her Chapter 13 bankruptcy case as yet another opportunity to relitigate the issues already determined by these state courts. On March 16, 2022, Wells Fargo filed Proof of Claim No. 3, claiming Caldrello owed Wells Fargo $788,570.71, attributable to her mortgage arrearage, interest, fees, and other costs. Caldrello's Objection to Wells Fargo's Claim challenged its presumptive validity by again re-asserting the same issues that were previously litigated to finality in the state court proceedings. *See* BR-ECF No. 32. In its Prior Ruling on the Objection, this Court found that it lacked subject matter jurisdiction to consider Caldrello's claims under the *Rooker-Feldman* doctrine and that both the issues and claims raised in the Foreclosure Action were precluded. *See* Prior Ruling. Now, Caldrello, deaf to the prior rulings of these courts, has filed this Adversary Proceeding to raise the same issues previously adjudicated. Her Complaint is premised on the same fundamental theories: that Wells Fargo lacked standing to foreclose the mortgage and that it did not own the note.[8]

Caldrello's epic journey, however, must come to an end. This Court's Prior Ruling is a dispositive determination of these issues which the Court will not revisit here.[9] In Caldrello's mind, every single court to hear her claims has been wrong on the law, has denied her adequate procedural remedies, or has willfully blindsided her by siding with Wells Fargo due to alleged

---

[7] The Connecticut Appellate Court's denial of *en banc* review appears on the docket for Caldrello's appeal in an order dated October 24, 2019. *See Wells Fargo Bank, N.A. v. Caldrello*, Docket No. AC 192469.

[8] Caldrello's Complaint brings self-styled claims for (I) Fraud in Factum, (II) Fraud in the Making of the Note, (III) Disgorgement, (IV) Unjust Enrichment, (V) Fraudulent Concealment and Failure to Disclose, (VI) Statue of Limitations, and (VII) Deception.

[9] As this Court previously held in its Prior Ruling, "the validity, priority, and enforceability of Wells Fargo's note and mortgage was actually litigated and decided in the Foreclosure Action, and because those issues were essential to the Superior Court's prior judgment granting strict foreclosure, collateral estoppel applies to bar the Debtor's Objection to Wells Fargo's Proof of Claim." *See* Prior Ruling at 5.

personal bias or outright fraud.[10] This Court cannot continue to entertain Caldrello's revisionist history of events, which stands in direct contradiction to the final judgments rendered by each court along the way. Although Caldrello maintains that her filings were all made in good faith, her extreme denialism prevents her from accepting the validity of the multiple judgments rendered against her.

Even though the Court did not grant her leave to amend, Caldrello's Response seeks to amend and supplement her claims with causes of action, some self-styled, based on the same nucleus of operative facts at issue in the Foreclosure Action and her Objection to Wells Fargo's Claim. Her amended claims raise allegations of (1) Wells Fargo's false and misleading statements concerning the ownership of the note made in violation of the Federal Debt Collection Procedures Act, (2) breach of contract related to Wells Fargo's failure to advance additional credit to Caldrello under her Home Equity Line of Credit (HELOC), (3) Wells Fargo's failure to secure a signed writing from Caldrello before modifying the terms of the note; (4) securities fraud related to Wells Fargo's transfer and securitization of the note in violation of the Securities Exchange Act of 1934, and, (5) equitable subrogation of the note under 11 U.S.C. § 509. These claims, which the Prior Ruling may not have directly addressed, all relate to Wells Fargo's standing to foreclose the mortgage and its ownership of the note. Caldrello's amended claims, however, are precluded under the doctrine of *res judicata* because Caldrello could have raised them in the Foreclosure Action. *See Flaherty*, 199 F.3d at 616. These allegedly "new" claims are so closely related to her original claims in the Foreclosure Action that she could have brought them at that time and, therefore, the claims are precluded.

---

[10] For example, Caldrello claims that "[a]s a pro se party, [she] can be held accountable to the Court while the Attorney's are generally exempt from lying in order to protect their Client." Compl. at pp. 1–2.

14

## IV.    CONCLUSION

Based on this record, the Court finds that Caldrello has failed to sustain her burden of proving that the Court has subject matter jurisdiction over the merits of her claims. Wells Fargo has clearly shown that the Court lacks subject matter jurisdiction. Furthermore, this Court previously held in its dispositive Prior Ruling that Caldrello was collaterally estopped from re-litigating issues already decided in the Foreclosure Action and was precluded from bringing the same claims that were already the subject of prior final judgments on the merits. The Prior Ruling also precludes Caldrello from attempting to re-litigate those same claims or issues in this Adversary Proceeding. Finally, Caldrello is precluded from pursuing the amended and supplemental claims in her Response to the Motion under the doctrine of *res judicata*. This action is thoroughly and utterly without merit.[11] Accordingly, Wells Fargo's Motion is hereby GRANTED and Caldrello's claims are hereby DISMISSED.

**IT IS SO ADJUDGED, ORDERED AND DECREED** at Hartford, Connecticut this 27th day of May 2022.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

[11] This Court will refrain at this time from conducting proceedings to sanction Caldrello as (1) the reasonable legal fees incurred by Wells Fargo here should be fully awarded in the Foreclosure Action, and (2) the efforts to enforce the collection of such fees is likely to prove unavailing.